**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ANTONIO REED,**

        **Petitioner,**

v.                                **Civil Action No. 5:09cv97
Criminal Action No. 5:06cr15
(Judge Stamp)**

**UNITED STATES OF AMERICA,
        Respondent.**

### REPORT AND RECOMMENDATION
### THAT §2255 MOTION BE DENIED

On August 27, 2009, the *pro se* petitioner filed a petition under 28 U.S.C. § 2255 for a Writ of Habeas Corpus by a Person in Federal Custody. (Dkt.# 46). On October 2, 2009, petitioner filed a Motion to Add Supplement to Filed 28 § 2255 Motion. (Dkt.# 56). This case is before the undersigned for a preliminary review pursuant to LR PL P 83.15, et seq. and Standing Order No. 5.

Upon a preliminary review of the petition, it appeared that the petition was untimely, having been filed two years and thirteen days after the one-year statute of limitations had expired. Thus, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the undersigned issued a notice advising the petitioner that his case would be recommended for dismissal unless he could show that his motion was timely. See (Dkt.#50).

On September 16, 2009, the petitioner filed his response (Dkt.#55) to the Court's Hill v. Braxton Notice in which he asserted that 1) he was prevented from making his § 2255 motion by an impediment created by the government, in violation of the Constitution, and 2) in essence, that the one-year limitation period within which he was required to have filed his § 2255 motion should have begun to run on the date he was first able to discover the factual predicate of his § 2255 motion

through the exercise of due diligence.

In purported support of these claims, petitioner asserts that the governmental impediment that prevented the timely filing of his §2255 motion was the government's June 15, 2009 response (Dkt.# 43) to his May 21, 2009 motion, by counsel, for leave to examine his file (Dkt.# 41).[1] Petitioner claims that he has been "blindly waiting on the government for a fulfillment"of an expected Fed.Cr.R.35(b)(2) motion to correct or reduce his sentence, and that, not until he received the government's June 15, 2009 response indicating that that Rule 35 motion would not be made, was he "set free [to] pursue his own legal filings on his own; no more waiting on the government for something that they just made [him] aware of that is not coming." (Dkt.# 55 at 4). Petitioner also cites as cause for delay in timely filing his § 2255 motion, his having to compile his §2255 claims "with no assistance from counsel or other [sic] outside of inmate legal assistance within the confines of the prison institution." (Dkt.# 55 at 2). As purported proof of this, he attaches "copies of response letters from the suppose to be [sic], petitioner's attorney, Attorney Patricia V. Kutsch." However, no "copies of response letters" are attached to his petition; but rather, attached are copies of 15 envelopes[2] addressed to petitioner, with postmarks ranging from November 1, 2007 through August 28, 2009. Without providing any detail, he claims he asked his attorney to do "numerous things." However, he does not elaborate on what those things were or what his attorney's response was.

Finally, petitioner repeats his § 2255 motion claim regarding factors affecting access to the prison library resources and burdensome expenses for using the library's typewriters, as also being

---

[1] The Court granted petitioner's motion by Order entered June 30, 2009. (Dkt.# 45).

[2] Ten of the envelopes have Attorney Kutsch's return address; two have the return address of the Clerk of the U.S. District Court, Northern District of West Virginia; and one has the return address of attorney Brendan Leary of the Federal Public Defender's Office.

contributory to delay in his filing his § 2255 motion.

## I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On March 27, 2006, the petitioner was charged with conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. (Dkt.# 20) On April 18, 2006, the petitioner pled guilty. On August 2, 2006, the petitioner's plea was accepted and he was sentenced as a career offender to 235 months imprisonment followed by five years supervised release, and a $100 special assessment fee.

### B. Appeal

The petitioner did not file a direct appeal of his conviction and sentence.

### C. Federal Habeas Corpus

In the petition, petitioner asserts the following grounds for relief:

(1) ineffective assistance of counsel, because defense counsel was not certified for practice in the federal court system;

(2) ineffective assistance of counsel, for permitting petitioner to enter into a plea agreement when petitioner's mental competence was so questionable as to render his guilty plea not voluntary, knowing or intelligent;

(3) defense counsel had a conflict of interest, i.e., his desire to avoid being exposed as being unapproved for practice in federal court, which caused counsel to forgo pursuing a particular litigation strategy that might have been an available alternative to the one actually pursued on petitioner's behalf;

(4) the DEA agent and the government's confidential informant were "old college buddies" and fraternity brothers; their shared friendly history surely contributed to collusion, including

petitioner's being "set up" with "false" accusations, "hidden facts and back alley dealings" that led to his indictment and sentencing;

(5) petitioner's sentencing as a career criminal resulted in a sentence in excess of the maximum permitted by law;

(6) petitioner's Fourth Amendment rights were violated, since the confidential informant whose affidavit supported the search warrant was unreliable, therefore the information he provided was insufficient to support issuance of the warrant; and

(7) petitioner was hindered in the preparation of a timely § 2255 motion because of the insufficient law library resources at the penitentiary relative to the number of inmates, including too few typewriters and lack of assistance in preparing the motion.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review;[3] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"For purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment is entered." See Sherrill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed.R.Crim.P. 45(a). In this case, petitioners' Judgment was entered on August 4, 2006. Since he did not file an appeal, his judgment of conviction became final on or about August 14, 2006; he then had one year from that date in which to timely file his § 2255 motion. The instant motion was filed on August 27, 2009, two years and nearly two weeks too late.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New

---

[3] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

Here, a review of the docket reveals that petitioner filed nothing on his own behalf from the time his conviction was final until May 21, 2009, when, through counsel, he filed a Motion to Inspect Court File. (Dkt.# 41). Petitioner's insinuation that his attorney or attorneys did not help him compile what he needed to file his §2255 petition remains unproven by the of copies of envelopes he produced; their postmarked dates begin three months *after* the statute of limitations for filing a timely § 2255 motion had already expired.[4] Presumably petitioner is attempting to imply that the latest envelope postmark date should be the new date by which the facts supporting his § 2255 claims were discovered via the exercise of due diligence. However, this is pure speculation, since nothing can be inferred from mere copies of envelopes. Further, petitioner has presented no evidence regarding any newly-discovered fact that would justify equitable tolling, let alone proven the requisite diligence in attempting to timely file his motion.

Nor is the undersigned persuaded by petitioner's claim that he was somehow 'prevented' from filing a timely § 2255 motion by the possibility that the Government might file a Fed.Cr.R. 35(b)(2) motion on his behalf. Petitioner was free to file his own motions at any time; a hoped-for motion by the Government does not impinge on petitioner's rights to file a *pro se* motion on his own behalf.. Further, petitioner is subject to no more hardship or inconvenience in preparing *pro se* motions while incarcerated than any other prisoner similarly-situated. Petitioner has not shown that any circumstance beyond his control or external to his own conduct caused his delay. Further,

---

[4] In late May, 2009, more than three months prior to filing his August 27, 2009 §2255 motion, petitioner sent a CJA transcript request form to the court reporter, requesting free copies of his sentencing transcript and plea agreement. Had petitioner's Hill v. Braxton response successfully proven his entitlement to equitable tolling of the statute of limitations for his §2255 motion, he would have received those documents at no cost, without needing to prove *in forma pauperis* status, as an attachment to the government's response. However, since the §2255 motion is being recommended for dismissal, petitioner's request for those transcripts is moot.

since a review of the record shows that petitioner § 2255 claims are unsupported, petitioner cannot show that gross injustice will occur if the statute of limitation for his § 2255 motion is enforced

Accordingly, in this case, despite adequate notice from the Court, *inter alia,* the petitioner has failed to show that he is entitled to equitable tolling or that his petition is otherwise timely.

### III.  Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as untimely and **DISMISSING** the case with prejudice.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 15, 2009

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE