```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ANTONIO REED

    Petitioner,

v.                                       Civil Action No. 5:09CV97
                                              (Criminal Action No. 5:06CR15)
UNITED STATES OF AMERICA,                         (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE;
DENYING AS MOOT PETITIONER'S MOTION
TO SUPPLEMENT UNDER RULE 15;
AND DENYING AS MOOT PETITIONER'S
MOTION TO APPOINT COUNSEL**

I.   Background

The pro se[1] petitioner, Antonio Reed, entered a plea of guilty to a one-count information, which charged him with conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846. The petitioner was sentenced as a career offender to 235 months of imprisonment and five years of supervised release, based on his convictions in this Court for aiding and abetting the distribution of cocaine base and distribution of cocaine base, and for aggravated trafficking, for which he was convicted in the Franklin County, Ohio Court of Common Pleas. Instead of pursuing a direct appeal, the petitioner

---

[1] "Pro se" describes a person who represents himself in a court proceedings without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge David J. Joel for an initial review and for a report and recommendation on disposition of this matter.  Magistrate Judge Joel issued a report and recommendation recommending that the petitioner's § 2255 petition be denied and dismissed because it is untimely.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  The petitioner filed objections and subsequently filed motions to supplement under Rule 15, and for appointment of counsel.  For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F.

Supp. 825 (E.D. Cal. 1979).  Because the petitioner has filed objections, this Court will undertake a de novo review of the matters before it.

### III.  Discussion

A.  Writ of Habeas Corpus

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposes is a one-year limitation period within which any federal habeas corpus motion must be filed:

> The limitation period shall run from the latest of--
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Based on a review of the record and the applicable law, Magistrate Judge Joel recommended that the petitioner's § 2255 petition be denied. Specifically, the magistrate judge applied the statute of limitations to the present case and found that the petitioner failed to file his federal habeas petition in a timely manner.  Rather, the magistrate judge found the petitioner's

federal habeas petition untimely because the petitioner filed his federal habeas petition on August 27, 2009, two years and thirteen days after the petitioner's time to file a federal habeas petition expired.

In his objections to the magistrate judge's report and recommendation, the petitioner asserts that the magistrate judge erred in finding that the habeas petition was untimely filed for three reasons.  First, the petitioner argues that the time limit had not expired under § 2255 because the government was "stringing [him] along" with the possibility of a Rule 35(b)(2) motion.  Second, the petitioner contends that he had no help from counsel and that the law library and prison resources are inadequate.  Finally, the petitioner argues that he should be able to appear before this Court and produce letters from his counsel.

The petitioner's objections are without merit.  "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'"  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).  To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  Id.

As to the petitioner's first argument, the magistrate judge correctly stated in his report and recommendation that the mere possibility that the government may file a Rule 35 motion for reduction of sentence does not toll the deadline to file a § 2255 petition.  See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) ("Congress did not intended for Federal Rule of Criminal Procedure 35(b) motions to prevent convictions from becoming final for § 2255 purposes.").  The hope that the government would file a Rule 35 motion did not prevent him from filing a petition under § 2255.

The petitioner's second argument, that he had no legal assistance and that the law library and typewriters are inadequate, lacks merit.  The magistrate judge addressed this same argument and correctly concluded that the petitioner has not shown that any circumstances beyond his control or external to his own conduct caused his delay in filing.  Equitable tolling is not warranted where an unrepresented prisoner alleges a lack of legal knowledge or legal resources.  United States v. Sosa, 364 F.3d 507, 512 (quoting Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003)).  The petitioner faces no more inconvenience in preparing a pro se habeas petition as any other prisoner.

Finally, the petitioner's third objection regarding the alleged letters to counsel is without merit.  The petitioner attached envelopes of letters from his attorney in his petition.  The magistrate judge correctly concluded that if the petitioner

5

intended to show that his attorney did not help him prepare for the § 2255 petition, that remains unproven by copies of envelops. All of these envelopes were postmarked after the statute of limitations for filing a timely § 2255 petition had passed. The petitioner now requests to appear before this Court with the actual letters. This Court will decide the motion only with documents in the record made at the time of the entry of the report and recommendation. Therefore, the petitioner's objection is overruled.

In sum, based upon a de novo review, this Court concludes that the petitioner's objections are groundless, and that the magistrate judge's recommendations concerning the petitioner's § 2255 petition should be affirmed and adopted.

## IV.  Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge [Crim Dckt # 57] is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2255 petition [Crim Dckt # 46] is DENIED as untimely and DISMISSED WITH PREJUDICE. Further, as a result of the ruling that the § 2255 petition is untimely, petitioner's motion supplement the petition under Rule 15 [Crim Dckt # 66] as well as his motion to appoint counsel in this matter [Crim Dckt # 68] are hereby DENIED AS MOOT.[2]

---

[2] Petitioner had also filed a motion to supplement his § 2255 petition before the issuance of the Report and Recommendation [Dckt # 56]. This Court has reviewed this motion and finds that the petitioner does not propose to amend his petition in a way that will cure its untimeliness. Accordingly, this motion is also DENIED.

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1).

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    October 19, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE